IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JACK CIOCCA, | : |
| Petitioner, | : CIVIL NO. 3:CV-07-0890 |
| v. | : (Judge Caputo) |
| CHRISTOPHER ANGELINI, | : |
| Respondent. | : |

## **MEMORANDUM and ORDER**

### **BACKGROUND**

Petitioner Jack Ciocca filed a Petition for Writ of Habeas Corpus (Doc. 1) while he was an inmate at the United States Penitentiary at Lewisburg ("USP-Lewisburg") in Lewisburg, Pennsylvania.[1] Petitioner challenges the decision of the Bureau of Prisons ("BOP") not to transfer him to a Community Corrections Center[2] or to home confinement even though his custody level required such a transfer. He alleges that the BOP breached its statutory obligations under 18 U.S.C. § 3621(b) and its regulatory obligations under Program Statement ("P.S.") P5100.08 (2006) in failing to transfer him. As relief, he seeks an Order directing the BOP to

---

[1] Although the names Caspar F. Ewig, Esquire and Eduardo Otero, Esquire appear on the front cover of the Petition as "Attorneys for Petitioner," only Attorney Ewig signed the Petition and moved for special admission to practice in this Court. (*See* Doc. 3.) Attorney Ewig's Petition for Special Admission was approved by this Court on May 24, 2007. (*See* Doc. 4.) The docket reflects that Petitioner's Reply was filed by Deveraux Cannick, Esquire, although it is signed by Attorney Ewig. (*See* Doc. 10.) The docket also reflects that, on July 26, 2007, a special admission form and ECF registration form were sent to Attorney Cannick but were never returned.

[2] Halfway houses for federal inmates formerly were referred to as "Community Corrections Centers." They now are referred to as "Residential Reentry Centers" ("RRC").

a) immediately reduce his custody level to Community, and b) transfer him to home confinement or to a RRC as required by BOP regulations and Petitioner's most recent Custody Classification Form ("CCF") score. (*See* Doc. 1 at 2.) For the reasons set forth below, the Petition will be dismissed as moot.

## DISCUSSION

The release of federal prisoners to a halfway house or home confinement prior to the expiration of their sentences is governed by 18 U.S.C. § 3624(c). At the time Petitioner filed his Petition, that section read as follows:

> (c) Pre-release custody. The Bureau of Prisons shall, to the extent practicable, assure that a prisoner serving a term of imprisonment spends a reasonable part, not to exceed six months, of the last 10 percent of the term to be served under conditions that will afford the prisoner a reasonable opportunity to adjust to and prepare for the prisoner's re-entry into the community.

18 U.S.C. § 3624(c).[3] Section 3621(b) sets forth the factors the BOP is to consider in designating the place of a prisoner's confinement. The pertinent factors include the resources of the facility contemplated, the nature and circumstances of an inmate's offense, the history and characteristics of the inmate, any statement by the sentencing court, and any pertinent policy statements issued by the Sentencing

---

[3] 18 U.S.C. § 3624(c) now reads:
   **(c) Prerelease custody.**--
   **(1) In general.**--The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

Commission. *See* 18 U.S.C. § 3621(b); *Woodall v. Federal Bureau of Prisons*, 432 F.3d 235, 239 (3d Cir. 2005).

BOP P.S. 7310.04 also provides guidance regarding an inmate's placement into a RRC, and provides, in relevant part, that "[a]n inmate may be referred [for RRC placement] up to 180 days, with placement beyond 180 days highly unusual, and only possible with extraordinary justification." (*See* Doc. 9-8 at 30, BOP P.S. 7310.04 § 9.a.(1).)

On March 26, 1996, Ciocca was sentenced to a term of imprisonment of 188 months following his conviction of a narcotics violation in the United States District Court for the District of Maine. (*See* Doc. 1 at 6.) At the time the Response was filed, Ciocca was projected to be released on February 9, 2009, via good conduct time release. (*See* Doc. 9-1 at 2; Doc. 9-5 at 3-4, Declaration of Adam J. Ackley, ¶ 5.) Ciocca challenges the fact that, after his Unit Team performed their annual Program Review Report on March 27, 2007, they noted that a recommendation for RRC placement was premature even though his CCF score of "Community" indicated that his custody level should be reduced such that he would be eligible for RRC placement. (*See* Doc. 1 at 2, 6-8; Doc. 9-1 at 3.) In his Reply, Ciocca further argues that the BOP's use of "temporal restrictions" (*i.e.*, waiting until the last 11-13 months of a prisoner's sentence to consider a transfer to a RRC) conflicts with the factors set forth in 18 U.S.C. § 3621(b). (*See* Doc. 10 at 2-4.)

Respondents submit that the Petition should be dismissed because Ciocca failed to exhaust administrative remedies prior to filing his habeas petition. (*See* Doc. 9-1 at 9-11.) They also argue that, even if Ciocca had exhausted administrative remedies, the Petition should be denied because he does not have a constitutional

right to placement in a RRC; he was not yet eligible for RRC placement at the time of the March 27, 2007 review and did not demonstrate any "extraordinary justification" to support his transfer to an RRC as set forth in P.S. 7310.04; he has no constitutional right to a specific custody classification; and, even if his score were changed to "Community," the BOP would not be required to transfer Ciocca to a halfway house. (*See id.* at 11-22.)

The Court finds it unnecessary to address Respondent's arguments because the Petition is moot. Petitioner filed his Reply on July 24, 2007. (*See* Doc. 11.) Since that time, Petitioner has not notified the Court of any change of address. However, in light of the passage of time, the Court utilized the inmate locator feature on the BOP website to ascertain whether Petitioner has been transferred to a RRC.[4] The search for Petitioner revealed that he is in fact located at the Philadelphia Community Corrections Management Center. Because Petitioner has been transferred to a community corrections facility, the relief he requests in the instant Petition is moot.[5]

---

[4] *See* Federal Bureau of Prisons Inmate Locator, available at http://www.bop.gov/inmate_locator/index.jsp

[5] Even if the Petition were not moot, the Court disagrees with Petitioner's argument that exhaustion is not required because it would be futile. (*See* Doc. 1 at 15-16.) In *Woodall*, the Third Circuit Court of Appeals agreed with the District Court that exhaustion would be futile in that case because Woodall was challenging the validity of BOP regulations rather than their application. *See Woodall,* 432 F.3d at 239 n.2. Here, while Petitioner concedes that he has not exhausted administrative remedies and claims that he is challenging the validity of §§ 3621(b) and 3624(c), it is apparent that he actually is challenging the BOP's application of these sections to his case rather than their validity. *See Narvaez v. Angelini*, No. 4:CV-07-1227 (M.D. Pa. Sept. 5, 2007) (McClure, J.); *Ahmed v. Lindsay*, No. 3:CV-06-1221, 2006 WL 3308667, at *2 n.3 (M.D. Pa. Oct. 11, 2006) (Kosik, J.).

Even if Petitioner had exhausted, the BOP's reliance on P.S. 7310.04 to justify its decision not to recommend him for RRC placement at the time of his

**NOW, THEREFORE, THIS 9ᵗʰ DAY OF OCTOBER, 2008, IT IS HEREBY ORDERED AS FOLLOWS:**

    1.    The Petition for Writ of Habeas Corpus (Doc. 1) is **DISMISSED** as moot.

    2.    The Clerk of Court is directed to mark this case **CLOSED**.

                              s/ A. Richard Caputo
                                A. RICHARD CAPUTO
                                United States District Judge

---

March 27, 2007 review, which was approximately 23 months before his February 9, 2009 projected release date, does not violate 18 U.S.C. § 3621(b).  *See Narvaez*, *supra*; *see also Bunn v. Angelini*, No. 3:CV-07-0891, 2008 WL 648450, at *3 (M.D. Pa. March 5, 2008) (Vanaskie, J.).

5